Aaron C. Gundzik (State Bar No. 132137)
Rebecca G. Gundzik (State Bar No. 138446)
**GARTENBERG GELFAND HAYTON LLP**
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA  91403
Telephone: (213) 542-2100
Facsimile:  (213) 542-2101

Marshall A. Caskey (State Bar No. 65410)
Daniel M. Holzman (State Bar No. 176663)
**CASKEY & HOLZMAN**
24025 Park Sorrento, Ste. 400
Calabasas, CA  91302
Telephone: (818) 657-1070
Facsimile: (818) 297-1775

Attorneys for Plaintiffs Jonathan Bromberg and Alexis Maitchoukow,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BROMBERG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC., a Georgia corporation, and FIS MANAGEMENT SERVICES, LLC, a Delaware limited liability company,<br><br>    Defendants. | **Case No.: 2:15-CV-7930**<br><br>**Case No.: 2:16-CV-7632**<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 3, 2017<br>Time: 10:00 a.m.<br>Courtroom: 8C<br><br>[Declarations of Aaron C. Gundzik and Jarrod Salinas concurrently-filed] |

1

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

ALEXIS MAITCHOUKOW,
individually and on behalf of all others
similarly situated,

        Plaintiff,

            vs.

FIDELITY NATIONAL
INFORMATION SERVICES, INC., a
Georgia corporation, and FIS
MANAGEMENT SERVICES, LLC, a
Delaware limited liability company,
DOES 1 through 25,

        Defendants.

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the instruction of the Court, on March 3, 2017, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8C of the above-entitled Court, located at 350 W. 1st Street, 8th Floor, Los Angeles, CA 90012, Plaintiffs Jonathan Bromberg and Alexis Maitchoukow ("Named Plaintiffs" or "Representative Plaintiffs") will, and hereby do, move for an Order, as follows:

1.      Granting preliminary approval of a class action settlement as described in the Stipulation of Settlement attached as Exhibit 1 to the Declaration of Aaron C. Gundzik;

2.      Conditionally certifying a class under Rule 23 of the Federal Rules of Civil Procedure defined as "all current or former employees of Defendants who were employed by Defendants in California and held the job titles of Systems Administrator I, Systems Administrator II, Systems Administrator Senior, Hardware Planner, Email Messaging Analyst II, Email Messaging Analyst Senior, Operations Software Analyst I, Operations Software Analyst II, or Operations Software Analyst Senior at any time between October 8, 2011 and the date of Preliminary Approval" (the "California Class");

3.      Confirm its prior orders conditionally certifying a collective class

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

under the Federal Labor Standards Act, 29 U.S.C. § 201 *et seq.*, defined as "all current or former employees of Defendants in the United States who held the job titles of Systems Administrator I, Systems Administrator II, Systems Administrator Senior, Hardware Planner, Email Messaging Analyst II, Email Messaging Analyst Senior, Operations Software Analyst I, Operations Software Analyst II, or Operations Software Analyst Senior at any time between October 8, 2012 and the date of Preliminary Approval and who submitted a timely and valid Consent to Join form that was filed with the Court" (the "Collective Class");

3.      Appointing the Named Plaintiffs as class representatives for the Class;

4.      Appointing Aaron C. Gundzik and Dan Holzman as Class Counsel for the class;

5.      Approving Simpluris Inc. ("Simpluris") as the third party settlement claims administrator;

6.      Approving the Notice of Settlement in the form attached as Exhibit A to Exhibit 1 to the Declaration of Aaron C. Gundzik and authorizing its dissemination;

7.      Scheduling a subsequent hearing for final approval of the settlement and approval of service and release payments to the class representatives, for costs of administration of the settlement and for attorney fees, costs and expenses to Class Counsel; and

8.      Granting such other and further relief as the Court may deem just and proper.

Plaintiffs' motion is based on this Notice of Motion and Motion, the concurrently-filed Memorandum of Points and Authorities, the [Proposed] Preliminary Approval Order, the Declaration of the proposed Class Counsel, Aaron C. Gundzik, the Declaration of Jarrod Salinas of Simpluris, the pleadings

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   and other papers filed in this action, and such further argument or evidence as
2   may be considered at the hearing on the motion.
3        This motion is unopposed by Defendants Fidelity National Information
4   Services, Inc. and FIS Management Services, LLC.

5
6   Dated: February 16, 2017            GARTENBERG GELFAND HAYTON
                                        LLP
7
8                           By:   */s/ Aaron C. Gundzik*
9                                 Aaron C. Gundzik
                                  Attorneys for Plaintiffs Jonathan
10                                Bromberg and Alexis Maitchoukow,
                                  individually and on behalf of all others
11                                similarly situated
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

# **TABLE OF CONTENTS**

I.     INTRODUCTION.................................................................................1

II.    FACTUAL BACKGROUND ...........................................................4

  A.    The Underlying Facts .................................................................4

  B.    Procedural History and Investigation and Discovery Prior to
      Settlement....................................................................................6

  C.    Plaintiffs' Counsel's Estimate of Potential Recovery .............8

  D.    The Settlement Negotiations....................................................11

  E.    The Representative Plaintiffs' Involvement and Release.......12

  F.    The Proposed Settlement .........................................................13

  G.    Distribution of Settlement Proceeds .......................................19

  H.    Payments to the Settlement Class Members, Class Counsel and the
      Representative Plaintiffs ..........................................................22

  I.    Uncashed Settlement Checks ...................................................23

  J.    Proposed Calendar of Events ..................................................23

III.   ARGUMENT ...................................................................................24

  A.    The Settlement Should be Preliminarily Approved Because
      it is Fair, Reasonable and Adequate.........................................24

  B.    The Settlement Has No Obvious Deficiencies. .......................28

  C.    The Proposed Notice of Settlement Fairly Apprises the Classes
      of the Terms of the Settlement and Their Right to Object. .....29

  D.    The Proposed Service and Release Payments to the Representative
      Plaintiffs are Reasonable.........................................................30

i

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

E.     The Negotiated Attorneys' Fees and Costs are Reasonable. ................32

F.     The California Class Should be Certified for Settlement Purposes. ....33

   1.   The Proposed California Class Is Sufficiently Numerous...................33

        and Ascertainable ..............................................................................33

   2.   Common Issues of Law and Fact Predominate over any Individual

        Issues..................................................................................................34

   3.   Plaintiffs' Claims are typical of the Claims of the California Class. ...35

   4.   Plaintiffs and Their Counsel Will Adequately Represent the Interests of

        the Proposed California Class..............................................................35

   5.   The California Class Satisfies the Requirements of Rule 23(b)(3). .....36

G.     The Court Should Approve the Settlement as to the FLSA Class........37

IV.   CONCLUSION ........................................................................................39

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1

# **TABLE OF AUTHORITIES**

2

3 **Cases**

4 *Acree v. General Motors Acceptance Corp.*,
   92 Cal. App. 4th 385 (2001) .......................................................................34

5

6 *Amchem Prods. v. Windsor*,
   521 U.S. 591 (1997)....................................................................................33

7

8 *Anderson v. Cagle's, Inc.*,
   488 F.3d 945 (11th Cir. 2007)....................................................................38

9

10 *Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001)................................................................34, 35

11

12 *Boyd v. Bechtel Corp.*,
   485 F. Supp. 610 (N.D. Cal. 1979) ............................................................26

13

14 *Cellphone Termination Fee Cases*,
   186 Cal.App. 4th 1380 (2010) ...................................................................31

15

16 *Churchill Village, LLC v. General Electric*,
   361 F.3d 566 (9th Cir. 2004).......................................................................29

17

18 *Clark v. American Residential Services LLC*,
   175 Cal.App.4th 785 (2009) .......................................................................31

19

20 *Class Plaintiffs v. Seattle*,
   955 F.2d 1268 (9th Cir.1992)................................................................24, 25

21

22 *Consolidated Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473 (2nd Cir. 1995)........................................................................33

23

24 *Estrella v. Freedom Fin'l Network*,
   2010 U.S. Dist. LEXIS 61236, *25 (N.D. Cal. 2010) .................................34

25

26 *Gardner v. GC Servs.*, LP,
   2011 U.S. Dist. LEXIS 126607, *13 (S.D. Cal. Nov. 1, 2011) ...................36

27

28

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

*Gatreaux v. Pierce*,
   690 F.2d 616, n.3 (7th Cir. 1982)................................................................25

*Grayson v. K Mart Corp.*,
   79 F.3d 1086 (11th Cir. 1996).................................................................38

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)......................................................*passim*

*Hutton v. Bank of America*,
   2007 U.S. Dist. LEXIS 97516, at * 1 (D. Ariz. Mar. 31, 2007) ...................39

*Ikonen v. Hartz Mountain Corp.*,
   122 F.R.D. 258 (S.D. Cal. 1998) ................................................................33

*In Re Janney Montgomery Scott LLC Financial Consultant Litig.*,
   2009 U.S. Dist. LEXIS 60790 (E.D. Pa. July 16, 2009)..............................31

*Joel A. v. Giuliani*,
   218 F.3d 132 (2d Cir. 2000).......................................................................24

*Kress v. PricewaterhouseCoopers, LLP*,
   263 F.R.D. 623 (E.D. Cal. Nov. 25, 2009) ...............................................38

*Krzesniak v. Cendant Corp.*,
    2007 U.S. Dist. LEXIS 47518, *19 (N.D. Cal. June 20, 2007)...................33

*Lozano v. AT&T Wireless Services, Inc.*,
   504 F.3d 718 (9th Cir. 2007).....................................................................35

*Marisol v. Giuliani*,
   126 F.3d 372 (2nd Cir. 1997).....................................................................35

*Matter of Continental Illinois Securities Litigation*,
   962 F.2d 566 (7th Cir. 1992).....................................................................31

*McElmurry v. U.S. Bank Nat'l Ass'n*,
   495 F.3d 1136 (9th Cir. 2007)...................................................................37

*Mendoza v. United States*,
   623 F.2d 1338 (9th Cir. 1980)...................................................................29

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

*Morgan v. Family Dollar Stores, Inc.*,
  551 F.3d 1233 (11th Cir. 2008)................................................38

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) ........................................................29

*Navarro v. Servisair*,
  2010 WL 1729538, *4 (N.D. Cal. 2010) ........................................32

*O'Brien v. Ed Donnelly Enters*,
  575 F.3d 567, 585 (6th Cir.  2009)........................................38, 39

*Officers for Justice v. Civil Service Com'n of City and County of San
  Francisco*,
  688 F.2d 615 (C.D. Cal. 1982)........................................25, 28

*Reed v. County of Orange*,
  266 F.R.D. 446 (C.D. Cal. 2010) ........................................38

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2010)........................................35

*Rodriguez v. West Publishing Corp.*,
  563 F.3d 948 (9th Cir. 2009)........................................25, 31

*Rosario v. Livaditis*,
  963 F.2d 1013 (7th Cir. 1992)........................................35

*Sav-On Drug Stores, Inc. v. Super.Ct.*,
  34 Cal.4th 319 (2004) ........................................32

*Silber v. Mabon*,
  18 F.3d 1449 (9th Cir. 1994)........................................29

*Staton v. Boeing Co.*
  327 F.3d 938, 975-977 (9th Cir. 2003) ........................................32

*Stevens v. Safeway, Inc.*,
  2008 U.S. Dist. LEXIS 17119 (C.D. Cal. Feb. 25, 2008)........................31

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

*Van Vranken v. Atl. Richfield Co.,*
   901 F. Supp. 294 (N.D. Cal. 1995) ................................................31

*Vedachalam v. Tata Am. Int'l Corp.,*
   2011 U.S. Dist. LEXIS 75415 (N.D. Cal. 2011) ..........................39

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,*
   396 F.3d 96 (2d Cir. 2005)...........................................................25

## **Statutes**

Business & Professions Code section 17200 ............................10, 19
Cal. Labor Code § 201 ...............................................................1, 6, 19
Cal. Labor Code § 202 ...............................................................1, 6, 19
Cal. Labor Code § 203 .....................................................................19
Cal. Labor Code § 203(a) .................................................................10
Cal. Labor Code § 226 .....................................................................19
Cal. Labor Code § 226(a) ...............................................................1, 6
Cal. Labor Code § 226(e)(1)..............................................................9
Cal. Labor Code § 226.7(b)........................................................1, 6, 19
Cal. Labor Code § 501 .....................................................................18
Cal. Labor Code § 510 ...................................................................1, 6
Cal. Labor Code § 512(a) ..........................................................1, 6, 19
Cal. Labor Code §1194 .............................................................1, 6, 18

## **Other Authorities**

29 C.F.R. §541.200...........................................................................8
29 C.F.R. §541.400...........................................................................8
Eisenberg & Miller ..........................................................................31
Fair Labor Standards Act, 29 U.S.C. § 201 ...........................1, 6, 18
Incentive Awards to Class Action Plaintiff: An Empirical Study
   (2006) 53 UCLA L.Rev. 1303 .....................................................31
Newberg on Class Actions (4th ed. 2002) § 11:38, p. 81 ................31
#

## **Rules**

California Civil Code Section 1542 ..................................................12
Fed. R. Civ. P. 23(a) ........................................................................33
Fed. R. Civ. P. 23 (a) (1) .................................................................33
Fed. R. Civ. P. 23(a)(2) ...................................................................34
Fed. R. Civ. P. 23(a)(4) ...................................................................35
Fed. R. Civ. P. 23 (b)(3) ...............................................29, 33, 36
Fed. R. Civ. P. 23 (c)(2)(B) .............................................................29

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    INTRODUCTION**

This is a consolidated action for alleged violations of the Federal Labor Standards Act ("FLSA") and California labor law filed by Plaintiffs Jonathan Bromberg on behalf of approximately 90 California-based employees and 90 employees located in other states who signed Consent to Join forms that have been filed with the Court. The lawsuit essentially alleges that Defendants Fidelity National Information Services, Inc. and FIS Management Services, LLC ("Defendants" or "FIS") misclassified Plaintiffs and other systems administrators and other non-management information technology personnel and thereby deprived them of overtime payments as well as compliant meal and rest breaks. Plaintiffs' claims, on behalf of themselves and the other members of the putative Collective Class[1], are for Defendants' alleged violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Plaintiffs' claims, on behalf of themselves and the California Class, are for alleged failure to pay overtime (Cal. Labor Code §§510 and 1194), alleged failure to authorize compliant meal and rest breaks (Cal. Labor Code §§ 226.7(b) and 512(a)), alleged inaccurate wage statements (Cal. Labor Code § 226(a), alleged failure to pay unpaid wages at time of discharge (Cal. Labor Code §§201 and 202), alleged unfair business practices, and alleged conversion.

Plaintiffs and Defendants have reached a proposed class action settlement whereby Defendants will pay the sum of three million dollars ($3,000,000.00). As explained below, although Defendants strenuously deny that they have any liability whatsoever, this gross settlement value is within the

---

[1] Capitalized terms have the meanings ascribed to them in the parties' Stipulation of Settlement, a copy of which is attached as Exhibit 1 to the Declaration of Aaron C. Gundzik ("Gundzik Decl."), ¶ 29.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  range of Defendants' potential liability, as estimated by Class Counsel. The

2  settlement is advantageous to Plaintiffs and the Collective Class and California

3  Class in that it provides them prompt compensation and eliminates the

4  uncertainty and risk of continued litigation against Defendants. The proposed

5  settlement is memorialized in the "Stipulation of Settlement" (hereafter

6  referred to as the "Settlement Agreement"), a true and correct copy of which is

7  attached as Ex. 1 to the Gundzik Decl., ¶ 29.

8        Under the terms of the Settlement Agreement, the proposed Settlement

9  Class consists of approximately 90 California-based employees who worked

10  for Defendants between October 8, 2011 and the date of preliminary approval

11  (the "California Settlement Class Period") and 90 other employees who

12  worked for Defendants between October 8, 2012 and the date of preliminary

13  approval (the "Collective Settlement Class Period") and who signed Consent to

14  Join forms that have been filed with the Court. Gundzik Decl., ¶ 29, Ex. 1,

15  ¶¶ II.E-H. Pursuant to the terms of the proposed settlement:

16        •  Defendants will pay a gross settlement amount of $3,000,000.00,

17           inclusive of the employer's share of payroll taxes;

18        •  The Net Settlement Amount, after deductions, of approximately

19           $2,206,800 will be available to distribute to settlement Class

20           members.

21  Gundzik Decl., ¶¶ 29, 30, Ex. 1, ¶ I. The settlement in non-reversionary and all

22  members of the Collective Class and the California Class will receive a settlement

23  payment unless they submit a request to be excluded from the settlement.

24        Given the comparative strengths and weaknesses of Plaintiffs' claims

25  and Defendants' defenses, as well as the inherent uncertainties of litigation,

26  and the fact that the settlement is a non-coercive settlement that was settled at

27  arms' length by a well-respected mediator, this settlement is well within the

28  scope of what is fair, reasonable and adequate. The average settlement payment

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

will be $12,260, which is particularly notable in light of the potential difficulties that would be encountered if the Plaintiffs proceeded towards certification and trial. As discussed below, the proposed settlement satisfies all of the criteria for preliminary approval and the proposed Collective Class and California Class are appropriate for provisional certification. Accordingly, Plaintiffs, on behalf of themselves and the Collective Class and California Class, now seek an order:

- Granting preliminary approval of the settlement as being fair, reasonable and adequate;
- Provisionally certifying the Collective Class of those who have signed Consent to Join forms which have been filed with the Court, on an opt-out basis and for settlement purposes only, and appointing the Named Plaintiffs as Class Representatives and Aaron C. Gundzik and Dan Holzman as Class Counsel;
- Provisionally certifying the California Class, on an opt-out basis and for settlement purposes only, and appointing the Named Plaintiffs as Class Representatives and Aaron C. Gundzik and Dan Holzman as Class Counsel;
- Entering the proposed Preliminary Approval Order, which is submitted concurrently herewith, and directing that the Notice of Settlement be mailed to the Settlement Class Members;
- Finding that the proposed form and method of the Notice of Settlement constitutes the best notice practicable under the circumstances and complies with due process; and
- Scheduling a final approval hearing to decide, among other things, (i) whether the settlement should be granted final approval; (ii) whether the proposed Order and Final Judgment should be entered; and (iii) whether the Class Representative Plaintiffs'

3

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

application for an award of attorneys' fees, costs and expenses to Class Counsel, service and release payments to the Class Representatives and administration costs to the Settlement Administrator should be granted.

## II. FACTUAL BACKGROUND

### A. The Underlying Facts

Based upon their investigation, which included extensive interviews of Plaintiffs and numerous class members, and the review of voluminous records, Plaintiffs' counsel has adduced the following facts: Defendants employ systems administrators and similar personnel both internally and to Defendants' customers. Plaintiff Jonathan Bromberg is a current employee of FIS and has been employed since 2009. Mr. Bromberg works as a systems administrator, with an official job title of Systems Administrator II. He is employed by FIS, but works at a Sedgwick Claims Management Services, Inc. ("Sedgwick") office in Los Angeles County. Gundzik Decl., ¶ 15.

Plaintiff Alexis Maitchoukow is a former employee of FIS who was employed in positions with official job titles of Systems Administrator Senior and Hardware Planner. Gundzik Decl., ¶ 16. Mr. Maitchoukow was employed by FIS at an FIS data Center in Los Angeles County, where he worked as a Hardware Planner between February 2011 and January 2013, and worked as a Systems Administrator Senior between January 2011 and February 2015. *Id.* Although his job title changed during the term of his employment for Defendants, he alleged that his job duties did not. *Id.*

Plaintiffs contend that Plaintiffs' jobs, like that of the Settlement Class Members, are basically help-desk overflow positions, and they are the second level of support who speak with the user after the help desk creates the ticket for the computer issue involved. Gundzik Decl., ¶ 17. Plaintiffs further contend that they did not manage any other personnel, and their primary duties do not

4

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

require them to exercise discretion and independent judgment with respect to matters of significance as to Defendants' business. *Id.* As such, Plaintiffs allege that they do not qualify for the administrative exemption. Plaintiffs further allege that they are also not covered by the computer employee exemption, as their primary duties do not consist of the analysis of software or hardware specifications or software or hardware design or development. *Id.* Defendants dispute the forgoing contentions and contend that Plaintiffs and all Settlement Class Members were paid in accord with California and Federal law.

Plaintiff Bromberg contends that his supervisors instructed him to be available at all hours and that he must check his telephone regularly when he was not in the office and on weekends. Defendants deny that such instructions were given to Plaintiff.

Prior to the mediation, Defendants produced some self-recorded time records for Plaintiff Maitchoukow and a sample group of employees. *Id.* Based upon these records, Plaintiffs' counsel formulated an estimate of the amount of overtime worked by the Settlement Class Members. *Id.*

Plaintiffs contend that the Settlement Class Members who were employed in California missed lunch regularly, and often did not get rest breaks. Gundzik Decl., ¶ 24. Defendants contend that Plaintiffs and Settlement Class Members were exempt and therefore under California law, Defendants were not required to provide them with meal or rest breaks.

Plaintiffs further contend that the wage statements for Settlement Class Members who were employed in California are inaccurate because they did not include payment for overtime and/or missed meal and rest period premiums. Gundzik Decl., ¶ 25. Defendants dispute this contention and contend that all wage statements issued to California Settlement Class Members were accurate and complied with California law.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Finally, Plaintiffs contend that those Settlement Class Members who were discharged or resigned during the class period were not paid all amounts due to them at separation, because their final paychecks did not include the amounts due to them for their unpaid overtime or meal and rest period premiums. *Id.* Defendants dispute this contention and contend that Settlement Class Members received all wages owed to them within the time period required by California law.

**B.     Procedural History and Investigation and Discovery Prior to Settlement**

Plaintiff Jonathan Bromberg filed his initial complaint against in Case No. CV-15-7930 (the "Bromberg Action") against Defendants Fidelity National Information Services, Inc. and FIS Management Services, LLC (collectively "FIS" or "Defendants") on October 8, 2015. On October 13, 2016, Plaintiff Alexis Maitchoukow filed a complaint against Defendants in Case No. 2:16-CV-7632 (the "Maitchoukow Action"). On January 4, 2017, pursuant to a stipulation between the parties and Order of the Court [Doc. #47], Plaintiffs filed a Master Class Action Complaint, which consolidated the Bromberg Action and the Maitchoukow Action and alleges causes of action against Defendants for (1) violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, (2) failure to pay overtime (Cal. Labor Code §§510 and 1194), (3) failure to authorize compliant meal and rest breaks (Cal. Labor Code §§ 226.7(b) and 512(a), (4) inaccurate wage statements (Cal. Labor Code § 226(a), (5) failure to pay unpaid wages at time of discharge (Cal. Labor Code §§201 and 202), (6) unfair business practices and conversion. In the Master Complaint, Plaintiffs are claiming the same injuries based upon the same alleged wage and hour policies as are the members of the Collective Class and California Class. Gundzik Decl., ¶ 7.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to a Stipulation and Order of the Court dated April 25, 2016 [Doc.# 28], the Court conditionally certified a collective class of "all persons employed by Defendants within the United States on or subsequent October 8, 2012 as systems administrators, including those with job titles 'Systems Administrator I' and 'Systems Administrator II'." Pursuant to a Stipulation and Order of the Court dated November 7, 2016 [Doc.#43], the Court conditionally certified the collective class to additionally include "current and former employees with the job titles of Systems Administrator Senior, Hardware Planner, Email Messaging Analyst II, Email Messaging Analyst Senior, Operations Software Analyst I, Operations Software Analyst II, and Operations Software Analyst Senior," for the same time period. In conjunction with and pursuant to those Orders [Doc. #28, 43], notices of the lawsuit were sent out to all of the current and former employees of Defendants who worked in one of the above-referenced job titles during the Collective Class Period. Gundzik Decl., ¶¶ 8-9. In response to those notices, 105 individuals signed valid Consent to Join forms that have been filed with the Court. Of those, fifteen were employed within the State of California. *Id.*

The parties agreed to mediate the dispute before a well-respected mediator, Mark Rudy, on October 19, 2016. Gundzik Decl., ¶ 27.  In connection with Plaintiffs' informal discovery efforts, Defendants' counsel and Plaintiffs' counsel met and conferred extensively regarding the scope of the mediation and the type of documents and information Plaintiffs were seeking in advance of the October 19, 2016 mediation. Gundzik Decl., ¶¶ 11-13. As a result of these negotiations, Defendants produced handbooks and policies, as well as information regarding the number of employees in the Collective Class and the California Class and the number of workweeks worked by them. Gundzik Decl., ¶ 13. Defendants also produced time records (Plan View documents, addressed above) for Plaintiff Maitchoukow as well as 10 sample

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

employees, as well as the average hourly rates for the job titles included within the mediation. Plaintiffs used all of this information to estimate the potential damages recoverable on each of Plaintiffs' causes of action. Gundzik Decl., ¶¶ 13-14, 23.

## C.   Plaintiffs' Counsel's Estimate of Potential Recovery

The First Claim for Relief is for violation of the FLSA.  It is based on the argument that Plaintiffs and the other Settlement Class Members were treated as exempt employees, but they were not subject to the administrative exemption in 29 C.F.R. §541.200 *et seq.*, the computer employee exemption in 29 C.F.R. §541.400 *et seq.*, or any other exemption. Gundzik Decl., ¶ 32. As a result of this alleged misclassification, Plaintiffs allege that they and the Settlement Class Members were not paid for their overtime work, as required under the FLSA. It is difficult to assess the exact value of this claim because Defendants did not keep records of all of the time the Settlement Class Members worked and Plaintiffs therefore had limited records from which they could estimate the number of hours worked each week. Gundzik Decl., ¶ 32.

Plaintiffs' counsel considered these factors and the Plan View information, and assumed that Plaintiffs could prove that the Settlement Class Members worked one to four unpaid overtime hours per week. Gundzik Decl., ¶ 33. Based on those factors and assumptions, as well as the fact that little documentary evidence existed to support the alleged amount of unpaid overtime owed to the Class, Plaintiffs' counsel determined that this claim had an estimated value of between $590,000 and $2.4 million for the 90 individuals who consented to join the FLSA action, but are not members of the California Class. *Id.*

The Second Claim for Relief is for failure to pay overtime to those Settlement Class Members who were employed by Defendants in California. Gundzik Decl., ¶ 34. The assessment of damages due on this claim is based

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

upon the same information Plaintiffs' counsel considered with respect to the First Claim for Relief for violation of the FLSA. *Id.* Based upon a group of 90 individuals, Plaintiffs' counsel determined that this claim had an estimated value of between about $440,000 and $1.8 million. *Id.*

The Third Claim for Relief is for failure to authorize compliant meal and rest breaks. This claim was based not on time-keeping records, but on Plaintiffs' efforts to obtain anecdotal evidence supporting the contention that employees who worked for Defendants in California allegedly skipped meal and rest breaks or were not given compliant rest breaks, as Defendants did not require these employees to clock in and out for meal periods. Gundzik Decl., ¶ 35. Consequently, this claim would be very difficult to sustain on a class-wide basis. As a result, Plaintiffs' counsel determined that this claim had a relatively low settlement value. *Id.* Assuming that Plaintiffs could prove a maximum of 4 and a minimum of one non-complaint meal and rest breaks per week for the 90 California-based employees, Plaintiffs' counsel opines that this claim has an estimated maximum value of about $1.2 million and a minimum value of about $300,000. *Id.*

The Fourth Claim for Relief is for alleged failure to provide legally compliant wage statements, and is derivative of Plaintiffs' other claims for unpaid wages.  Its success would therefore be dependent upon the success of those other claims. Moreover, under Labor Code section 226(e)(1), to prevail on this claim, Plaintiffs would have to establish that the violation was "knowing and intentional." Gundzik Decl., ¶ 36. The statute of limitations on such a claim is one year. The penalty for providing an inaccurate wage statement is $50 for the first violation and $100 for each successive violation, to a maximum of $4,000 per employee. Because of the short statute of limitations, only a portion of the California-based employees would be eligible to recover anything under section 226. Current employees could potentially

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

recover the maximum, while former employees could recover much lesser amounts. Plaintiffs' counsel determined that the maximum amount recoverable on this claim that is estimated to be $144,000. *Id.* However, the Court could determine that the violations were not "knowing and intentional" under section 226(e) and decide to not award any penalties. *Id.* Consequently, Plaintiffs' counsel opines that it is possible that this claim has no value at all. *Id.*

The Fifth Claim for Relief is for alleged failure to pay separated employees all wages due at the time of separation, which is based on Defendants' failure to include overtime payments in the final wages paid to the California-based employees. The statute of limitations on this claim is three years. Only former employees could potentially recover under section 203(a). Plaintiffs' counsel determined that these employees might recover a maximum of about $450,000. Gundzik Decl., ¶ 37. This cause of action is also derivative of Plaintiffs' other claims for unpaid wages and its success would be dependent upon the success of those other claims. *Id.* Moreover, liability under section 203(a) requires a finding of willfulness. *Id.* Because willfulness could be difficult to establish, Plaintiffs' counsel determined that the minimum recoverable under this claim is zero. *Id.*

The Sixth and Seventh Causes of Action are for violations of Business & Professions Code section 17200, *et seq.*, and conversion. The forgoing analysis assumes the longer four-year statute of limitations that is available under the UCL for certain violations. Gundzik Decl., ¶ 38. Accordingly, the damages available under this cause of action have already been analyzed or are duplicative of damages discussed above. Similarly, the claim for conversion of wages is duplicative of Plaintiffs' other causes of action for the recovery of unpaid wages. *Id.*

Based upon the forgoing, Plaintiffs' counsel determined that this case had a minimum estimated value of about $1,330,000 and a maximum estimated

10

value of approximately $5,994,000. Gundzik Decl., ¶ 39. Based on a Settlement Class size of 180, the reasonable estimate of the amount that each Class member could have obtained if Plaintiffs prevailed at trial on all claims for relief would be between about $7,389 and $33,300. *Id.* However, as the Court knows, the maximum amount is almost never recovered at trial and never in a settlement. Settlements, by their nature, must account for the weaknesses in a plaintiff's case. Here, these weaknesses include, among other things, the difficulty of certifying the proposed Classes, especially given that the class members worked for different FIS customers in different positions and in different environments. Proving that the Settlement Class Members were misclassified, and proving that the California-based employees were not given compliant meal and rest breaks would also be difficult. *Id.* In fact, Defendants raised a colorable legal or factual defense to each claim Plaintiffs alleged and strenuously argued that individual differences would prevent the Court from granting certification. *Id.* Indeed, it is possible that, had Plaintiffs not accepted the proposed settlement, the Settlement Class Members would not recover anything. *Id.*

### D.   The Settlement Negotiations

On October 19, 2016, Plaintiff Jonathan Bromberg, Plaintiffs' counsel, Defendants and Defendants' Counsel attended a mediation session before well-respected mediator, Mark Rudy. Gundzik Decl., ¶ 27. At the end of the day, the mediation resulted in an agreement to settle and the parties signed a Memorandum of Agreement that set forth the material terms of the settlement. *Id.*

The terms of the settlement were subsequently memorialized in the Stipulation of Settlement, which is attached to the Declaration of Aaron C. Gundzik as Exhibit 1. Among other things, the settlement requires Defendants to pay $3,000,000, inclusive of the employer's share of payroll taxes, in full

11

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

settlement of the action. Gundzik Decl., ¶¶ 29-30, and Ex. 1 thereto. The settlement was negotiated at arm's length and was in no sense collusive. Gundzik Decl., ¶ 29.

Plaintiffs and Plaintiffs' counsel have concluded, after taking into account the sharply disputed factual and legal issues involved in the lawsuit, the risks attending further prosecution, and the substantial benefits to be received pursuant to the compromise and settlement of the action, that the settlement is in the best interests of the Representative Plaintiffs and the Collective Class and California Class, and is fair and reasonable.  Gundzik Decl., ¶ 28, and Ex. 1 thereto, at ¶ I. Plaintiffs and Plaintiffs' counsel also considered the possibility that the Court would not certify the Classes as the additional delay in recovery for Settlement Class Members if the settlement were rejected and the case went to trial.  Gundzik Decl., ¶ 28.

**E.     The Representative Plaintiffs' Involvement and Release**

Plaintiffs' counsel consulted with Plaintiffs extensively in order to investigate the facts before filing the complaints. They continued to consult with them extensively prior and subsequent to the mediation, and Mr. Bromberg traveled to San Francisco and missed a day of work to attend the mediation. Plaintiffs' counsel continued to consult with Plaintiffs during post-mediation discussions and regarding the Settlement Agreement.  Mr. Bromberg and Mr. Maitchoukow contributed a substantial amount of time to reviewing documents, producing documents, identifying witnesses, monitoring the progress of the litigation with counsel, and reviewing and signing the Settlement Agreement. Gundzik Decl., ¶ 26. Moreover, as an additional requirement to receiving their service and release payments, Plaintiffs are being required to sign a broad general release which includes a waiver of Section 1542 of the California Civil Code.  Gundzik Decl., ¶ 29, Ex. 1, ¶ VII.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### F.  The Proposed Settlement

The Settlement Agreement provides for provisionally certifying a "Collective Class" defined as "all current or former employees of Defendants in the United States who held the job titles of Systems Administrator I, Systems Administrator II, Systems Administrator Senior, Hardware Planner, Email Messaging Analyst II, Email Messaging Analyst Senior, Operations Software Analyst I, Operations Software Analyst II, or Operations Software Analyst Senior at any time between October 8, 2012 and the date of Preliminary Approval and who submitted a timely and valid Consent to Join form in the Bromberg Action that was filed with the Court." Gundzik Decl., ¶ 29, Ex. 1, ¶ I, II.G. The Collective Class includes 105 individuals, each of whom has submitted a Consent to Join that was filed with the Court (fifteen of whom are also members of the California Class). Gundzik Decl., ¶¶ 8-9.

The Settlement Agreement also provides for provisionally certifying a "California Class" defined as "all current or former employees of Defendants who were employed by Defendants in California and held the job titles of Systems Administrator I, Systems Administrator II, Systems Administrator Senior, Hardware Planner, Email Messaging Analyst II, Email Messaging Analyst Senior, Operations Software Analyst I, Operations Software Analyst II, or Operations Software Analyst Senior at any time between October 8, 2011 and the date of Preliminary Approval." Gundzik Decl., ¶ 29, Ex. 1, ¶ I, II.E. Defendants estimate that the California Class includes 90 individuals. Gundzik Decl., ¶ 10.

Defendants will pay a gross settlement amount of $3,000,000.00 ("Gross Settlement Amount"). Gundzik Decl., ¶ 29, Ex. 1, ¶¶ I, II.T.  The Settlement will be administered by Simpluris Inc., P.O. Box 26170 Santa Ana, CA 92799 ("Simpluris" or the "Settlement Administrator"). Gundzik Decl., ¶ 29, Ex. 1, ¶ II.KK; Declaration of Jarrod Salinas ("Salinas Decl."), ¶ 4. Until distribution,

the Gross Settlement Amount will be held in an escrow account established by the Settlement Administrator. Salinas Decl., ¶ 5.

Subject to Court approval at the Final Approval Hearing, the following disbursements will be made from the Gross Settlement Amount:

- Settlement administration costs, in an estimated amount of $7,200 (Salinas Decl., ¶ 4);

- Class counsel's attorneys' fees, to be approved by the Court, in the approximate amount of $750,000.00, which is twenty-five percent of the Gross Settlement Amount (Gundzik Decl., ¶ 29, Ex. 1, ¶ I);

- Class counsel's actual costs, as approved by the Court, which are estimated to be approximately $11,000 (Gundzik Decl., ¶ 29, Ex. 1, ¶ I);

- Service and release payments to the Representative Plaintiffs in an amount totaling $25,000 ($15,000 to Plaintiff Bromberg and $10,000 to Plaintiff Maitchoukow) for their time and efforts in pursuing this action and as additional compensation for the expanded releases they are providing (Gundzik Decl., ¶ 29, Ex. 1, ¶ I);

- The remainder of the Gross Settlement Amount (the "Net Settlement Amount"), in the amount of approximately $2,206,800, will be distributed to Settlement Class members based on the number of Qualifying Workweeks each Settlement Class Member was employed by Defendants.  Gundzik Decl., ¶ 29, Ex. 1, ¶¶ I, II.CC, IV.J.1.

The Settlement Agreement provides that within ten (10) days of the Final Approval Order, if no appeal is filed, Defendants will deposit the Gross Settlement Amount with the Settlement Administrator. Within ten days (10) of

14

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

its receipt of the Gross Settlement Amount, the Settlement Administrator will pay the court-approved service and release payments to the Representative Plaintiffs, as well as Class Counsels' approved attorneys' fees and costs. Gundzik Decl., ¶ 18, Ex. 1, ¶¶ IV.M, IV.J.5, IV.N.

If the Court grants preliminary approval, the parties will retain Simpluris as the Settlement Administrator. Simpluris has significant experience administrating class action settlements, and has been in the business of doing so for over 10 years. Salinas Decl., ¶¶ 2-3, and Exs. A and B thereto.

Within ten (10) calendar days of the Court's order granting preliminary approval (the "Preliminary Approval Date"), Defendants will provide the Settlement Administrator with a Database Report including a list of the Class members, and within fifteen (15) calendar days of receiving this information, the Settlement Administrator will send a Notice of Settlement to each Class member. Gundzik Decl., ¶ 29, Ex. 1 at ¶ IV.C.[2] The proposed Notice of Settlement summarizes the lawsuit and settlement terms and advises Settlement Class Members of their right to object to the approval of the settlement and how to do so. Gundzik Decl., ¶ 29, Ex. 1, at Ex. A thereto. The Notice of Settlement will provide 1) a description of the lawsuit, 2) contact information for all counsel and the Settlement Administrator, 3) the terms of the proposed settlement, 4) an itemized list of the amounts to be deducted from the settlement, 5) an estimate of the amount each Settlement Class Member will receive under the proposed settlement, 6) the language of the proposed release for Settlement Class Members who do not submit a valid Request for Exclusion, 7) the options for accepting the proposed settlement, contesting the number of Qualifying Workweeks, opting out of the settlement, and objecting

---

[2] If the Settlement Administrator becomes aware of a new or different address for a Class member, the Notice of Settlement will be re-sent to the Class member(s) at the new address. Gundzik Decl., ¶ 29, Ex. 1 at ¶ IV.D.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

to the settlement, and 8) the date of the Final Approval Hearing. Gundzik Decl., ¶ 29, Ex. 1, at Ex. A thereto. No submission of a claim form is necessary and all Settlement Class Members are eligible to receive a settlement payment except those who follow the procedure for requesting an exclusion. Gundzik Decl., ¶ 29, Ex. 1, ¶¶ I, IV.H.

Prior to mailing the Notice of Settlement, the Settlement Administrator will check all addresses on the Database Report against the National Change of Address (NCOA) database. Gundzik Decl., ¶ 29, Ex. 1, ¶ IV.C. The Settlement Administrator will mail the Notice of Settlement to the most current mailing address as identified by reference to the Database Report and/or the National Change of Address (NCOA) database. *Id.* In the event that Defendants' Counsel or Class Counsel becomes aware of new addresses for any Settlement Class Member prior to the filing of the motion for final approval, that information will immediately be communicated to the Settlement Administrator, who will then re-send a Notice of Settlement to the Settlement Class Member(s) at the new address(es) Such searching and re-mailing will be completed. Gundzik Decl., ¶ 29, Ex. 1, ¶ IV.D.

Any Notices of Settlement returned to the Settlement Administrator as non-delivered will be sent to the forwarding address, and if no forwarding address is provided, then the Settlement Administrator will promptly attempt to determine a correct address using a utility database search using the name, address and/or Social Security number of the individual involved, and will re-mail the Notice of Settlement. Gundzik Decl., ¶ 29, Ex. 1, ¶ IV.D. Such searching and re-mailing will be completed within fifteen (15) calendar days of the date that Notices of Settlement were originally mailed. *Id.* The Settlement Administrator will re-mail all non-delivered Notices of Settlement until forty-five (45) days before the date set for hearing Plaintiffs' Motion for Final Approval. Gundzik Decl., ¶ 29, Ex. 1, ¶ IV.D.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Any Settlement Class Member who wishes to be excluded from the settlement must submit by mail a written request to be excluded to the Settlement Administrator, which must be postmarked on or before the Objection/Exclusion Date, which is no later than forty-five (45) days after the Notice of Settlement is mailed (judged by the postmark date) by the Settlement Administrator ("Objection/Exclusion Date"). See Exhibit 1, ¶¶ IV.H. The request for exclusion must include the name (and former names, if any), current address, telephone number and last four digits of the Social Security number of the Settlement Class Member. Gundzik Decl., ¶ 29, Ex. 1 at ¶ IV.H; Ex. A to Ex. 1, ¶ 9(c).

Any Settlement Class Member wishing to object to the approval of the Settlement must advise the Court, Class Counsel, and Defendants' counsel in a written statement of objection mailed to the Settlement Administrator no later than the Objection/Exclusion Deadline Date. Gundzik Decl., ¶ 29, Ex. 1 at ¶ IV.G.1; Ex. A to Ex. 1, ¶ 9(d). Any Settlement Class Member wishing to object to the approval of the settlement must advise the Court, Class Counsel, and Defendants' counsel in a written statement of objection mailed to the Settlement Administrator no later than the Objection/Exclusion Deadline Date. *Id.* The objection must (1) state the basis of the Settlement Class Member's objection, (2) include any supporting papers and briefs, (3) be signed by the Settlement Class Member and include his or her current address and telephone number (or that of his or her attorney), and (4) refer to either of the Actions in this consolidated case. *Id.* Any Class Member wanting to appear at the Final Approval Hearing must file and postmark their objection no later than forty-five (45) days after the Notice of Settlement is mailed. *Id.* Settlement Class Members who submit a timely objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court. Gundzik Decl., ¶ 29, Ex. A to Ex.1, ¶¶ 9(d), 10.

17

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Settlement Agreement provides for a final fairness and approval hearing (the "Final Approval Hearing") upon expiration of the Objection/Exclusion Deadline Date. Gundzik Decl., ¶ 29, Ex. 1 at ¶ IV.I. At the Final Approval Hearing, the Court will be requested to: (1) approve the Settlement Agreement; (2) determine whether Class counsel's application for attorneys' fees and costs should be granted; and (3) consider any timely objections to the settlement, including Class Counsel's and Defendants' counsel's responses thereto. *Id.* If the Court does so, the Settlement Agreement provides that the Court shall enter a Final Approval Order and final judgment (in a form submitted by Class counsel and approved by Defendants' counsel) implementing the release of the Released Claims (as set forth in the Settlement Agreement). Gundzik Decl., ¶ 29, Ex. 1 at ¶ IV.I.

As part of the Final Approval Order and final judgment, Settlement Class Members who do not opt out will be deemed to have released certain claims against Defendants. Gundzik Decl., ¶ 29, Ex. 1 at ¶ VI. The release applicable to the Settlement Class Members provides:

> It is the desire of the Representative Plaintiffs, Settlement Class Members, and Defendants to fully, finally, and forever settle, compromise, and discharge the claims asserted in the Action. Upon entry of the Final Approval Order and final judgment and Defendants' satisfaction of its payment obligations hereunder, and except as to such rights or claims as may be created by this Settlement Agreement, Settlement Class Members shall fully release and discharge the Released Parties from any and all Released Claims.  This release shall be binding on all Settlement Class Members who have not excluded themselves from the Settlement, including each of their respective attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns, and shall inure to the benefit of Defendants.

Gundzik Decl., ¶ 29, Ex. 1 at ¶ VI.

The Settlement Agreement defines "Released Claims" as:

> all causes of action and factual or legal theories that were alleged in the Actions, including all of the following claims for relief: (1) violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (2) failure to pay overtime wages or accurate overtime wages and alleged failure to accurately calculate the regular rate of pay in violation of California Labor Code §§ 501 and 1194, (3) failure to provide meal or rest breaks

18

or compensation in lieu thereof in violation of California Labor Code §§ 226.7(b) and 512(a), (4) failure to provide accurate and/or complete wage statements or paychecks and alleged failure to maintain accurate records in violation of California Labor Code §226, (5) failure to pay unpaid wages at time of discharge in violation of California Labor Code §§ 201, 202 and 203, (6) violation of Cal. Bus. & Prof. Code section 17200 et seq., (7) conversion, (8) any other claims or penalties under the wage and hour laws pleaded in the Actions, and (9) all damages, penalties, interest and other amounts recoverable under said causes of action under California and federal law, to the extent permissible, including but not limited to the California Labor Code as alleged in the Actions, the applicable Wage Orders as to the facts alleged in the Actions, and the California Unfair Competition Law. Settlement Class Members.  The definition of Released Claims is intentionally broad in scope and includes all claims that were alleged based on the facts and legal theories described above irrespective of the factual or legal basis for such claims, whether currently known or unknown by the Representative Plaintiffs or any members of any of the California Class or Collective Class.

Gundzik Decl., ¶ 29, Ex. 1 at ¶ II.DD.

The Settlement Agreement defines "Released Parties" as:

Defendants Fidelity National Information Services, Inc., FIS Management Services, LLC, as well as each of their respective parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint venturers, as well as each of their respective past, present and/or future, direct or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, and administrators.

Gundzik Decl., ¶ 29, Ex. 1 at ¶ II.EE.

The Settlement Agreement does not constitute an admission of the merits of any claim by Plaintiffs, the Collective Class or the California Class or address any defense of Defendants. Gundzik Decl., ¶ 29, Ex. 1 at ¶ V.A. The Settlement Agreement does not include any terms that are outside of the scope of the operative pleadings, with the exception of the broad general release to be provided by the Representative Plaintiffs only. Gundzik Decl., ¶ 29, Ex. 1 at ¶ II.DD, II.EE.

## G.     Distribution of Settlement Proceeds

Settlement Class Members are not required to submit a claim form in order to receive payment. Gundzik Decl., ¶ 29, Ex. 1 at ¶ I. The Settlement Agreement provides that all payments shall be made by the Settlement

19

Administrator, based upon his or her number of Qualifying Workweeks, as discussed below. Gundzik Decl., ¶ 29, and Ex. 1 thereto, at ¶¶ II.O, IV.J.1.

The Settlement Administrator will determine the amount of each Class Member's Qualifying Workweeks (as that term is defined in Section II.O of the Agreement). Gundzik Decl., ¶ 29, and Ex. 1 thereto, at ¶ IV.J.1. The Net Settlement Amount will be distributed to Settlement Class Members based on the number of workweeks that they worked during the Class Period. Each Settlement Class Member who is a member of both the California Class and the Collective Class will receive credit only for those weeks he or she worked as a California Class member, but will be granted an additional four (4) Qualifying Workweeks to compensate for the alleged additional violations of the California Labor Code alleged in the Actions as to failure to pay overtime and other wages, failure to provide compliant meal and rest breaks, improper wage statements, violations of California Business and Professions Code section 17200 *et seq.* and conversion. Gundzik Decl., ¶ 29, and Ex. 1 thereto, at ¶ IV.J.1. Each California Class member who is a former employee will also receive credit for an additional two (2) Qualifying Workweeks to compensate them for the allegations as to failure to pay all wages due at separation. *Id.*

The Settlement Administrator will determine the aggregate total of all Class Members' Qualifying Workweeks (the "Aggregate Workweek Number"). Gundzik Decl., ¶ 29, and Ex. 1 thereto, at ¶ IV.J.1. The Settlement Administrator will then determine each Settlement Class Member's Payout Ratio by dividing his or her individual Qualifying Workweeks by the Aggregate Workweek Number. The Settlement Administrator will then determine the amount of each Settlement Class Member's settlement payment by multiplying his or her individual Payout Ratio by the Net Settlement Amount. Gundzik Decl., ¶ 29, and Ex. 1 thereto, at ¶ IV.J.1.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Notice of Settlement sent to each Class Member will state the amount of the Class Member's Qualifying Workweeks and whether that number includes the additional 2 Qualifying Workweeks granted to terminated California Class Members and/or the additional 4 Qualifying Workweeks granted to members of the California Class. Each Notice of Settlement shall also include an estimate of the Class Member's settlement payment. Gundzik Decl., ¶ 29, and Ex. 1 thereto, at ¶ IV.J.2.

If the Court grants final approval of the settlement, within ten (10) days of the Final Approval Order, if no appeal is filed, Defendants will deposit the Gross Settlement Amount with the Settlement Administrator. Within ten days (10) of its receipt of the Gross Settlement Amount, the Settlement Administrator will pay the settlement payments to the Settlement Class Members. Gundzik Decl., ¶ 29, Ex. 1, ¶ IV.M, IV.J.5, IV.N.

The Settlement Administrator will make the settlement payments to Settlement Class Members based on the payment formula set forth above Gundzik Decl., ¶ 29, and Ex. 1 thereto, at ¶ IV.J.1. Payments to each Settlement Class Member shall be allocated as follows: one-third shall be attributed to wages, to be reported on a W-2 form; one-third shall be attributed to penalties; and one-third shall be interest. Gundzik Decl., ¶ 29, and Ex. 1 thereto, at ¶ IV.J.4. The amount of interest and penalties will be reported on an IRS Form 1099. *Id.* The amount paid to each Settlement Class Member shall be net of the Participating Settlement Class Member's share of all federal, state and local taxes and required withholdings, including without limitation, FICA, Medicare tax, FUTA, and state unemployment taxes. *Id.* The Settlement Administrator shall ensure that the participating Class Members' withholding shares are paid to the appropriate federal, state and local governments and agencies. *Id.* The Employer's Withholding Share shall be paid by the

Settlement Administrator from the Gross Settlement Amount to and shall be remitted to the applicable tax authorities. *Id.*

Any Settlement Class Member who does not exclude him/herself from the Settlement will have the opportunity, should they disagree with Defendants' records regarding the number of workweeks as presented on the Notice of Settlement, to provide documentation and/or an explanation to show contrary employment dates and/or settlement amounts. Gundzik Decl., ¶ 29, Ex. 1, ¶ IV.J.3. If there is a dispute, the Settlement Administrator will consult with Class Counsel and Defendants' Counsel to determine whether an adjustment is warranted, but the Settlement Administrator shall have the sole discretion to determine any such disputes. *Id.*

**H.     Payments to the Settlement Class Members, Class Counsel and the Representative Plaintiffs**

Within ten (10) calendar days of the Settlement Administrator's receipt of the Gross Settlement Amount, the Settlement Administrator will make payment from the Escrow Account to (1) Class Counsel, for both the Class Counsel's Attorney's Fees and Class Counsel's Costs, as awarded to Class Counsel by the Court; and to (2) Jonathan Bromberg and Alexis Maitchoukow, the Service and Release Payments approved by the Court. Tax deductions and withholdings will not be taken from these payments and instead, IRS Form 1099s will be issued to the Representative Plaintiffs and Class Counsel. Gundzik Decl., ¶ 29, Ex. 1 at ¶¶ IV.N.

As part of the Settlement Agreement, Defendants agree not to oppose or impede any application or motion by Class Counsel for attorneys' fees not to exceed seven hundred and fifty thousand dollars ($750,000) which is twenty-five percent of the Gross Settlement Amount, plus actual reasonable litigation costs incurred by Class Counsel, which are estimated to be approximately $11,000. Gundzik Decl., ¶ 29, Ex. 1 at ¶ IV.P. Class Counsel's attorneys' fees

and Class Counsel's costs, as awarded by the Court, will be paid from the Gross Settlement Amount. *Id.*

### I.   Uncashed Settlement Checks

Settlement Payment checks paid to Settlement Class Members will remain valid and negotiable for one hundred and eighty (180) days from the date of their issuance. If a Settlement Class Member's check is not cashed within 180 days, the check will be void and a stop payment order may be placed on the check. The amount of any uncashed checks distributed to individuals who are residents of California as of the date of distribution will be delivered to the California Department of Industrial Relations, which will forward it directly to the State Controller's Office (through this process, individuals who fail to cash their settlement checks will have an opportunity to obtain their settlement payments); The amount of any uncashed checks distributed to individuals who are not residents of California as of the date of distribution (according to Defendants' records) will be distributed to a *cy pres* recipient. Gundzik Decl., ¶ 29, Ex. 1, ¶ IV.N. The parties are requesting that the Court approve CASA of Los Angeles, which advocates for abused and neglected children, as the *cy pres* recipient. Gundzik Decl., ¶ 51.

### J.   Proposed Calendar of Events

If the Court grants preliminary approval, the timetable of events is anticipated as follows:

| Event | Date |
| --- | --- |
| Deadline for Defendants to provide class data to settlement administrator | Within ten (10) days of preliminary approval |
| Deadline to mail Notice of Settlement to Class members | Within fifteen (15) days of preliminary approval order |
| Deadline to dispute workweeks, opt out or object | Within forty-five (45) days after notice is mailed or re-mailed |

23

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| Event | Date |
| --- | --- |
| Deadline for settlement administrator to provide counsel with report regarding notice and exclusion process | Sixty (60) days following final approval order |
| Deadline to file motion for final approval of the settlement and award of attorneys' fees and costs | To be determined |
| Hearing on motion for final approval of the settlement | To be determined |
| Deadline for Defendants to deliver funds to settlement administrator | Within ten (10) days of Final Approval Order |
| Deadline for settlement administrator to distribute settlement funds to Class Members | Within twenty (20) days of Final Approval Order |
| Deadline for settlement administrator to pay Class Counsels' fees and costs and distribute service and release payments to the Named Plaintiffs | Within twenty (20) days of Final Approval Order |

## III.  ARGUMENT

### A.  The Settlement Should be Preliminarily Approved Because it is Fair, Reasonable and Adequate.

A district court has broad discretion to grant approval of class action settlements where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000). In determining whether a proposed settlement should be approved, the Ninth Circuit has expressed a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir.1992).

In determining whether to grant preliminary approval, the Court need only "determine whether the proposed settlement is within the range of

24

possible approval." *Gatreaux v. Pierce*, 690 F.2d 616, 621, n.3 (7th Cir. 1982). And, a class action settlement should be approved if "it is fundamentally fair, adequate and reasonable." *Class Plaintiffs*, 955 F.2d at 1276; *see also Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (C.D. Cal. 1982).

Courts strongly favor settlements of complex class actions, and there is a "strong initial presumption that the compromise is fair and reasonable." *Hanlon*, *supra*, 150 F. 3d at 1019; *see also* (*e.g.*) *Class Plaintiffs*, 955 F.2d at 1276. Thus, the Court's inquiry is "limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Service Com'n, etc.*, 688 F.2d at 625.

In *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth circuit expressly opined that courts should defer to the "private consensual decision of the [settling] parties." *Id.* at 965. The *Rodriguez* court "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and [has] never prescribed a particular formula by which that outcome must be tested." *Rodriguez, supra*, at 965. As the Ninth Circuit explained in *Rodriguez*, "In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Id.* at 965 (citations omitted). Thus, "[a] presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir. 2005), citing Manual for

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Complex Litigation, Third § 30.42 (1995); *see also Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

These factors, as applied to this matter and as set forth below, strongly favor granting preliminary approval of the Settlement Agreement:

**The Experience and Views of Counsel.** As set forth in their declarations, Class Counsel has significant experience in wage and hour class actions. Gundzik Decl., ¶¶ 3-4. Aaron Gundzik and Rebecca Gundzik have practiced law and been members of the California State Bar collectively for over 50 years. *Id.* Based upon their vast experience in the area, when they arrived at a settlement with Defendants, Class Counsel had sufficient information to assess the strengths and weaknesses of the claims against Defendants, and the benefits of the settlement in light of the significant risks of continuing to certification and trial and the potential obstacles to be faced if the parties did not settle. Gundzik Decl., ¶¶ 3-4, 11-28.

**Whether the Settlement Was Reached Through Arm's-Length Bargaining or was a Product of Fraud or Overreaching.** It is undisputed that the parties negotiated the settlement at arm's length during a lengthy mediation before a highly-regarded neutral third-party mediator, Mark Rudy, who has significant experience settling wage and hour class action lawsuits. Gundzik Decl., ¶¶ 27-29.

**The Strength of Plaintiffs' Case.** As set forth in the factual background detailed above, the parties have vigorously litigated this matter, and Defendants have consistently contested that they misclassified the Collective Class or California Class or that they violated California's wage and hour laws. In fact, Defendants raised a colorable legal or factual defense to each claim Plaintiffs alleged. Gundzik Decl., ¶39.

**The Risk, Expense, Complexity and Likely Duration of Further Litigation.** If the settlement is not approved, the Representative Plaintiffs

26

would need to move forward with discovery and then move for class certification. Defendants would oppose certification on the grounds that numerous individualized fact issues allegedly exist relating to such matters as the individual working conditions of each employee and the lack of documentary evidence of the alleged violations. They would argue and could succeed in claiming that these individualized issues overwhelm common issues, and would also argue that the action is not manageable on a classwide basis. The result could be that the case would not be certifiable as a class or collective action. Gundzik Decl., ¶¶ 28, 39.

**The Risk of Maintaining Class Action Status Through Trial.** If the settlement is not approved, and the Representative Plaintiffs are successful on their motion for certification of the classes, they would still be faced with significant risks in continuing with the litigation. Defendants could interpose a successful defense which could either cause the jury to reject Plaintiffs' claims or award the Collective Class and the California Class only a small amount of the unpaid wages and reimbursement amounts due to them. Gundzik Decl., ¶¶ 39-40.

**The Amount Offered in Settlement.** In the experience of Class counsel, a gross settlement of $3,000,000.00 in an FLSA and wage and hour class action with the claims described above for two classes totaling 180 current and former employees is within the "ballpark" of a fair, reasonable and adequate settlement. Gundzik Decl., ¶ 28. Taking into account the serious risks associated with proceeding— that the case might not be certified as a class action, that Plaintiffs might not succeed on the merits at trial or, if Plaintiffs succeed at trial, that the case is reversed on appeal – it becomes apparent that a settlement in this range is fair to the Class.

**The Extent of Investigation and Discovery Completed and the Stage of the Proceedings.** As set forth in the factual background detailed above, the

27

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

parties have engaged in extensive factual investigation and informal discovery. Gundzik Decl., ¶¶ 11-26.

**B.     The Settlement Has No Obvious Deficiencies.**

In reviewing a proposed settlement to determine whether there are obvious deficiencies, the Court is required to engage in "an amalgam of delicate balancing, gross approximations and rough justice." *Officers for Justice, supra*, 688 F.2d at 625. As set forth above and in the Declaration of Aaron Gundzik, based upon the information available to Class Counsel as a result of their intensive review of documents and interviews of 50 class members, the proposed settlement has no obvious deficiencies.

Under the terms of the Settlement Agreement, Defendants will make a single, non-reversionary payment of $3,000,000. The Settlement Agreement provides no preferential treatment for Plaintiffs or other Class Members. Because the California Class Members have alleged additional claims that are inapplicable to the Collective Class Members, they will be granted additional Qualifying Workweeks, and those California Class Members who are former employees will be granted additional Qualifying Workweeks in recognition of their claims under Labor Code sections 201 and 202. Gundzik Decl., ¶ 29, Ex. 1, ¶IV.J.1. And, Plaintiffs will receive a distribution from the settlement proceeds that is calculated in the same manner as the distributions to other Settlement Class Members. Gundzik Decl., ¶ 29, Ex. 1, ¶ IV.J.1.

The settlement represents a significant recovery for the Settlement Class Members, and a well-crafted compromise of the divergent positions of the parties. Each side evaluated the strengths and weaknesses of their case and independently came to the conclusion that this settlement represents a responsible means of addressing Plaintiffs' claims and Defendants' defenses.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

C.   **The Proposed Notice of Settlement Fairly Apprises the Classes of the Terms of the Settlement and Their Right to Object.**

"For any class certified under Rule 23 (b)(3), the court must direct that Class Members receive the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23 (c)(2)(B). Procedural due process does not require any particular notice, but mandates only that a notice be reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994), citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). A settlement notice "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004), citing *Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980).

The proposed Notice of Settlement addresses these concerns. It identifies the named Plaintiffs and Defendants, provides a description of the lawsuit, the settlement amounts, the proposed plan of allocation and the attorneys' fees that Class counsel may receive. The proposed Notice of Settlement provides information as to how to opt out of the Collective Class or California Class and be excluded, how to object to the settlement, as well as the date of the final approval hearing. It also describes the Settlement Agreement with sufficient detail to allow Settlement Class Members to make an informed decision as to whether to accept or object to it. The proposed Notice of Settlement further provides that it will bind all Settlement Class Members who do not request exclusion. Gundzik Decl., ¶ 29, Ex. A. to Ex. 1 thereto. As such, the proposed Notice of Settlement describes the settlement with enough specificity to allow

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  Settlement Class Members to make an informed decision as to whether to

2  participate in it.

3       Further, the manner of giving notice is to be done in such a way as to

4  maximize its reach. Pursuant to Paragraph IV.C of the Settlement Agreement,

5  the Notice of Settlement will be sent to members of the Collective Class and

6  California Class by First Class regular U.S. mail by the Settlement

7  Administrator. Gundzik Decl., ¶ 29, and Ex. 1 thereto, at ¶ IV.C. Prior to

8  mailing, the Settlement Administrator shall check all addresses on the Database

9  Report against the National Change of Address (NCOA) database. *Id.* The

10 Settlement Administrator will mail the Notice of Settlement to the most current

11 mailing address as identified by reference to the Database Report and/or the

12 National Change of Address (NCOA) database. *Id.* In the event that

13 Defendants' Counsel or Class Counsel becomes aware of new addresses for

14 any member of either class prior to the filing of the motion for final approval,

15 that information will immediately be communicated to the Settlement

16 Administrator, who will then re-send a Notice of Settlement to the Settlement

17 Class Member(s) at the new address. Gundzik Decl., ¶ 29, and Ex. 1 thereto, at

18 ¶ IV.D.

19       Because this is an opt-out settlement and Settlement Class members who

20 do nothing will still receive a settlement payment, the notice provisions agreed

21 to by the parties will adequately serve the interests of providing the individual

22 Settlement Class Members with notice of the relief provided by the settlement.

23 **The Proposed Service and Release Payments to the Representative**

24 **Plaintiffs are Reasonable.**

25       At final approval, Plaintiffs will request that the Court approve of

26 service and release payments in an amount totaling $25,000 to the two Class

27 Representatives ($15,000 to Plaintiff Bromberg and $10,000 to Plaintiff

28 Maitchoukow) for their services as class representatives and for the expanded

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

releases that they are being required to sign in conjunction with the settlement. Gundzik Decl., ¶ 29, Ex. 1, ¶¶ I, IV.I.[3] "Incentive awards are fairly typical in class action cases." *Rodriguez v. West*, 563 F.3d at 958, citing 4 Newberg on Class Actions (4th ed. 2002) § 11:38, p. 81; Eisenberg & Miller, Incentive Awards to Class Action Plaintiff: An Empirical Study (2006) 53 UCLA L.Rev. 1303. "Since without a named plaintiff there can be no class action, such compensation as may be necessary to induce him to participate in the suit could be thought the equivalent of the lawyers' nonlegal but essential case-specific expenses, such as long-distance phone calls, which are reimbursable." *Clark v. American Residential Services LLC*, 175 Cal.App.4th 785, 804 (2009) (fn. omitted), citing *Matter of Continental Illinois Securities Litigation*, 962 F.2d 566, 571 (7th Cir. 1992). In upholding an incentive award of $10,000 in a wage and hour class action settlement with a common fund of $900,000, Judge Patel of the Northern District stated:

> A $10,000.00 incentive award to plaintiff Navarro is reasonable....An employee who lends his name to a lawsuit against a current or former employer is placed in a financially vulnerable position. Plaintiffs who take on this risk for the genuine enforcement of wage and hour provisions should be encouraged. Further, when individual plaintiffs faithfully execute their duties as a class representative, they should be rewarded.

---

[3] See *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995); *Cellphone Termination Fee Cases*, 186 Cal.App. 4th 1380, 1393 (2010); *Stevens v. Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119 (C.D. Cal. Feb. 25, 2008) ($20,000 and $10,000 to two class representatives with total recovery of $2,100,000); *In Re Janney Montgomery Scott LLC Financial Consultant Litig.*, 2009 U.S. Dist. LEXIS 60790 (E.D. Pa. July 16, 2009) ($20,000 each to three class representatives with a gross settlement amount of $2,880,000). The incentive award should be approved so long as it is not so high [as] to create a conflict of interest between the representative and class members, or be divorced from the actual value the representative provided to the action. *Rodriguez v. West*, 463 F.3d at 959-61.

*Navarro v. Servisair*, 2010 WL 1729538, *4 (N.D. Cal. 2010). Compared to the Net Settlement Amount of $2,206,800 (after deducting the proposed $25,000 service and release payments) the requested combined amount of $25,000, will not appreciably diminish the amount available for distribution to the Settlement Class Members.

Plaintiffs consulted with Plaintiffs' counsel extensively in order to investigate the facts before filing the complaints, consulted with them extensively prior and subsequent to the mediation. Gundzik Decl., ¶ 26. Plaintiff Bromberg traveled to San Francisco to attend the mediation, and Plaintiffs consulted and met with Plaintiffs' counsel during post-mediation discussions and regarding the Settlement Agreement. *Id.* They both contributed a substantial amount of time to reviewing documents, producing documents, identifying witnesses, monitoring the progress of the litigation with counsel, and reviewing and signing the Settlement Agreement. *Id.* In fact, the award sought is a mere .008% of the overall recovery, which is well within the range of enhancement fees awarded by courts. *Staton v. Boeing Co.*, supra, 327 F.3d 938, 975-977 (9th Cir. 2003).

If Plaintiffs had not come forward, or had they not agreed to take on the risks of pursuing a class action, Plaintiffs may have recovered compensation for themselves, but no compensation would have been received by 180 current and former employees who will be receiving an average of $12,260 as a result of the settlement. Because Plaintiffs have advanced California's public policy goal of enforcing wage and hour laws (See *Sav-On Drug Stores, Inc. v. Super.Ct.*, 34 Cal.4th 319, 340 (2004)), the Court should preliminarily approve of the proposed service and release payments to the Representative Plaintiffs.

### D.   The Negotiated Attorneys' Fees and Costs are Reasonable.

The Settlement Agreement contemplates that Class counsel will apply to the Court for an award to be paid from the Gross Settlement Amount. Class

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

counsel will seek fees not to exceed twenty-five percent (25%) of the Gross Settlement Amount, as well as, costs and expenses currently estimated to be approximately $11,000. Gundzik Decl., ¶¶ 29, 49, Ex. 1., ¶ I, IV.P.

This request is consistent with the benchmark used in the Central District, and is set forth in the proposed Notice of Settlement. Class Counsel will file their motion for an award of fees and costs in a timely manner such that the Settlement Class Members have the standard fourteen (14) day notice period.

F.   **The California Class Should be Certified for Settlement Purposes.**

The proposed California Class satisfies the criteria for certification of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems,… for the proposal is that there be no trial." *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).  However, the criteria of Rule 23 must be met. *Id.* An analysis of the requirements of Rule 23(a) and 23(b)(3), which include numerosity, commonality, typicality, adequacy, predominance, and superiority, shows that certification of the proposed California Class for settlement purposes is appropriate.

1.   **The Proposed California Class Is Sufficiently Numerous and Ascertainable**

The numerosity requirement is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23 (a) (1). Generally, courts will find a class sufficiently numerous if it consists of 40 or more members. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2nd Cir. 1995); *Ikonen v. Hartz Mountain Corp.,* 122 F.R.D. 258, 262 (S.D.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Cal. 1998) (same); *Krzesniak v. Cendant Corp.,* No. C 05-05156 MEJ, 2007 U.S. Dist. LEXIS 47518, *19 (N.D. Cal. June 20, 2007) (same).

Based on information produced by Defendants, there are approximately 90 current and former employees in the California Class.

### 2. Common Issues of Law and Fact Predominate over any Individual Issues

The requirement is commonality is satisfied "if there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The "commonality requirement has been 'construed permissively,' and its requirements deemed 'minimal.'" *Estrella v. Freedom Fin'l Network,* 2010 U.S. Dist. LEXIS 61236, *25 (N.D. Cal. 2010) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-1020 (9th Cir.1998). The Ninth Circuit has held that commonality exists "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001); *see also Hanlon v. Chrysler Corp.*, 150 F.3d at 1019.

Here, Plaintiffs contend common issues exist with respect to Defendants' policies and practices with respect to the wages, hours and working conditions of California Class members. Gundzik Decl., ¶¶ 15-25. Plaintiffs also contend that common issues regarding Defendants' classification of the California Class members as exempt employees and its policies and payments to the California Class members predominate over individual issues. Further, Plaintiffs allege that the claims of the Representative Plaintiffs are typical of the claims of all California Class members, and they can and do adequately represent the California Class. Gundzik Decl., ¶¶ 8, 15-25.

Plaintiffs believe that the only individualized differences between California Class members relate to the amount of compensation each Class member would be entitled to receive. However, it is well-settled that mere differences as to the amount of damages among Class members are not

34

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

sufficient to prevent certification. *Id.*; *Acree v. General Motors Acceptance Corp.*, 92 Cal. App. 4th 385, 387 (2001) ("A class action may be maintained even if each class member must at some point individually show his or her eligibility for recovery or the amount of his or her damages…")

### 3. Plaintiffs' Claims are typical of the Claims of the California Class.

"Like the commonality requirement, the typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d at 1020). "In determining whether typicality is met, the focus should be on the defendants' conduct and plaintiffs' legal theory, not the injury caused to the plaintiff." *Lozano v. AT&T Wireless Services, Inc.,* 504 F.3d 718, 734 (9th Cir. 2007), citing *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Thus, typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis,* 275 F.3d 849, 868 (9th Cir. 2001) (quoting *Marisol v. Giuliani*, 126 F.3d 372, 376 (2nd Cir. 1997)).

Here, the Representative Plaintiffs are seeking relief for the same wage and hour violations as are the rest of the California Class members. The Representative Plaintiffs seek to impose liability on Defendants based on the same claims and theories, as well as the same alleged injuries, which apply to the Class as a whole. Thus, the claims of the Representative Plaintiffs are typical of the claims of the California Class.

### 4. Plaintiffs and Their Counsel Will Adequately Represent the Interests of the Proposed California Class.

The final Rule 23(a) requirement inquires as to whether "the

35

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy is satisfied if: (1) the proposed representative plaintiffs do not have conflicts of interest with the proposed class, and (2) the representative plaintiffs are represented by qualified and competent counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d at 1020.

Here, the Representative Plaintiffs retained as Class counsel attorneys with extensive experience in prosecuting wage and hour class actions. Gundzik Decl., ¶¶ 3-4. Nor is there any conflict between the interests of the Representative Plaintiffs and the members of the California Class. Both the Representative Plaintiffs and the California Class are claiming the same injuries based upon the same alleged compensation and wage and hour policies existing while they were employed by Defendants. Gundzik Decl., ¶¶ 7, 15-25.

### 5.  The California Class Satisfies the Requirements of Rule 23(b)(3).

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1022. Pursuant to Rule 23(b)(3), a class may be certified if the Court finds that (1) common questions of law of fact predominate and (2) a class action is a superior method to adjudicate the controversy.  Fed. R. Civ. P. 23(b)(3).

As set forth in Section F. 2 above, as well as in the Declaration of Aaron Gundzik, Plaintiffs contend that common issues of fact and law predominate, as there are common issues regarding Defendants' classification of the California Class members as exempt employees and its application of common compensation and rest and meal break policies.

Further, Plaintiffs believe that a class action is unquestionably a superior method to adjudicate this controversy. "The superiority inquiry requires determination of 'whether objectives of the particular class action procedure

36

will be achieved in the particular case.'" *Gardner v. GC Servs.*, LP, 2011 U.S. Dist. LEXIS 126607, *13, *14 (S.D. Cal. Nov. 1, 2011) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d at 1023). The class-action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Id*. It also avoids employees' very real fear of retaliation. *Id*.

"From either a judicial or litigant viewpoint, there is no advantage in individual members controlling the prosecution of separate actions. There would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1023. In fact, the terms of the settlement, pursuant to which the average settlement payment will be in excess of $12,000, demonstrates the advantages of a collective bargaining and resolution process.

Here, Plaintiffs submit that the superiority factor favors class certification. Class-wide treatment of the issues would be efficient in this case because the individual claims of the members of the proposed Classes are relatively small, making a class action far superior to numerous identical, yet separate, individual lawsuits that could produce inconsistent outcomes, leaving many class members' claims unadjudicated.

As the class action device provides the superior means to effectively and efficiently resolve this controversy, and as the other requirements of Rule 23 are each satisfied, certification of the California Class proposed by the Parties is appropriate.

### G. The Court Should Approve the Settlement as to the FLSA Class.

Pursuant to the FLSA, Plaintiffs have raised claims on behalf of a national class. Unlike a Rule 23 class action, which is conducted on an opt-out

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

basis, a FLSA collective action is an opt-in class. *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007).

In managing a collective action, the typical procedure in the Ninth Circuit is to follow a "two-tier" approach. *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 627 (E.D. Cal. Nov. 25, 2009). Under this approach, the first tier is used to send notice to "similarly situated" individuals. *Id.*

Pursuant to a Stipulation and Order of the Court dated April 25, 2016 [Doc.# 28], the Court conditionally certified a collective class of "all persons employed by Defendants within the United States on or subsequent October 8, 2012 as systems administrators, including those with job titles 'Systems Administrator I' and 'Systems Administrator II'". Pursuant to a Stipulation and Order of the Court dated November 7, 2016 [Doc.#43], the Court conditionally certified the collective class to additionally include "current and former employees with the job titles of Systems Administrator Senior, Hardware Planner, Email Messaging Analyst II, Email Messaging Analyst Senior, Operations Software Analyst I, Operations Software Analyst II, and Operations Software Analyst Senior."

Since the Court has already granted conditional certification of the Collective Class, it must now consider Plaintiffs' request to confirm that finding and determine, based on substantial evidence, that Plaintiffs are similarly situated to justify proceeding as a collective action. *Reed v. County of Orange*, 266 F.R.D. 446, 449 (C.D. Cal. 2010); *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). Similar does not mean identical. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). "The FLSA does not require class members to hold identical positions." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261-62 (11th Cir. 2008). Instead, a named plaintiff may show that putative plaintiffs are similarly situated when their claims are "unified by common theories of defendants' statutory violation, even if the

38

1  proofs of these theories are inevitably individualized and distinct." *O'Brien v.*
2  *Ed Donnelly Enters.*, 575 F.3d 567, 585 (6th Cir. 2009).

3      Moreover, although the "similarly situated" requirement is more
4  stringent at the second stage, it remains less stringent than the requirement that
5  common questions predominate in certifying class actions under Rule 23, Fed.
6  R. Civ. P. "All that need be shown . . . is that some identifiable factual or legal
7  nexus binds together the various claims of the class members in a way that
8  hearing the claims together promotes judicial efficiency and comports with the
9  broad remedial policies underlying the FLSA." *Hutton v. Bank of America*,
10  2007 U.S. Dist. LEXIS 97516, at * 1 (D. Ariz. Mar. 31, 2007); *O'Brien v. Ed
11  Donnelly Enters*, 575 F.3d at 585 (Plaintiffs are similarly situated when "they
12  suffer from a single, FLSA-violating policy, and when proof of that policy . . .
13  proves a violation as to all the plaintiffs."). And, "[c]ourts generally view
14  employees who primarily perform software troubleshooting tasks as not
15  exempt from overtime pay requirements." *Vedachalam v. Tata Am. Int'l Corp.*,
16  2011 U.S. Dist. LEXIS 75415 (N.D. Cal. 2011).

17      As explained in detail in the Declaration of Aaron Gundzik, the evidence
18  collected by Plaintiffs evidences that the Collective Class members are
19  similarly situated. Gundzik Decl., ¶¶ 15-25. They have the same basic
20  employment duties, were subject to the same policies, were required to work
21  more than 40 hours weekly, were required to have regular on-call assignments
22  for which they were not paid extra, and were required to do similar tasks at
23  nights, on weekends and while during their on-call assignments. *Id.* As such,
24  second stage certification of the Collective Class, for the purposes of the
25  settlement, is appropriate.

26  **IV.   CONCLUSION**

27      For the foregoing reasons, Plaintiffs, on behalf of themselves and the
28  Collective Class and California Class, respectfully request that the Court grant

39

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

preliminary approval of the settlement and set a final approval hearing as soon as practicable.

Dated: February 16, 2017          GARTENBERG GELFAND HAYTON LLP

                          By:    */s/ Aaron C. Gundzik*
                                 Aaron C. Gundzik
                                 Attorneys for Plaintiffs Jonathan
                                 Bromberg and Alexis Maitchoukow,
                                 individually and on behalf of all others
                                 similarly situated

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 15260 Ventura Blvd., Suite 1920, Sherman Oaks, CA 91403.

On **February 16, 2017**, I served the following document described as **NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** the interested parties in this action:

**(X)**      by serving (  ) the original **(X)** true copies thereof as follows:

### PLEASE SEE ATTACHED SERVICE LIST

| ( )      **BY MAIL** | ( )          **BY FACSIMILE TRANSMISSION** |
|---|---|
| I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit. | I caused said document(s) to be transmitted by facsimile transmission to the name(s) and facsimile telephone number(s) of the person(s) named on the attached service list. The facsimile machine telephone number of the sending facsimile machine was (213) 542-2101. A transmission report was issued by the sending facsimile machine confirming that the transmission was completed without error. A true and correct copy of said transmission report is attached hereto. |
| ( )      **BY OVERNIGHT DELIVERY** | **(X)**          **BY ELECTRONIC TRANSMISSION** |
| Said document was placed in an envelope designated by the express service center and placed for collection in a box regularly maintained by said carrier with whom we have a direct billing account, to be delivered to the office of the addressee listed above on the next business day. | I caused the above-referenced document(s) to be sent by electronic transmittal using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case. |

( )      STATE          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(X)      FEDERAL      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

(X)      EXECUTED   on **February 16, 2017**, at Sherman Oaks, California.


                                  /s/ Melissa L. Gonzalez
                                  *Melissa L. Gonzalez*

## SERVICE LIST

| | |
|---|---|
| Evan R Moses, Esq.<br>Ogletree Deakins Nash Smoak and Stewart PC<br>400 South Hope Street Suite 1200<br>Los Angeles, CA 90071<br>213-239-9800<br>Fax: 213-239-9045<br>Email: evan.moses@ogletreedeakins.com<br><br><br>Carmine J Pearl, II, Esq.<br>Ogletree Deakins Nash Smoak and Stewart PC<br>Park Tower<br>695 Town Center Drive Suite 1500<br>Costa Mesa, CA 92626<br>714-800-7900<br>Fax: 714-754-1298<br>Email: cj.pearl@ogletreedeakins.com | *Attorneys for Defendant Fidelity National Information Services, Inc. and FIS Management Services, LLC* |
| Aaron C. Gundzik (State Bar No. 132137)<br>Rebecca G. Gundzik (State Bar No. 138446)<br>GARTENBERG GELFAND HAYTON LLP<br>15260 Ventura Blvd., Suite 1920<br>Sherman Oaks, CA 91403<br>Telephone: (213) 542-2100<br>Facsimile:  (213) 542-2101<br>Email:  agundzik@gghslaw.com<br>          rgundzik@gghslaw.com<br><br>Marshall A. Caskey (State Bar No. 65410)<br>Daniel M. Holzman (State Bar No. 176663)<br>CASKEY & HOLZMAN<br>24025 Park Sorrento, Ste. 400<br>Calabasas, CA  91302<br>Telephone: (818) 657-1070<br>Facsimile:  (818) 297-1775<br>Email:  mcaskey@caskeyholzman.com<br>          dholzman@caskeyholzman.com | *Attorneys for Plaintiff Jonathan Bromberg, Individually and on behalf of all others similarly situated* |